William F. Rylaarsdam and Janice E. Rylaarsdam v. Commissioner.
Rylaarsdam v. Commissioner
Docket No. 1568-64.
United States Tax Court
T.C. Memo 1966-137; 1966 Tax Ct. Memo LEXIS 150; 25 T.C.M. (CCH) 707; T.C.M. (RIA) 66137; June 20, 1966
*150 Held, that expenses of the husband-petitioner in attending law school during the taxable year involved are not deductible as ordinary and necessary expenses paid or incurred in carrying on any trade or business, within the meaning of section 162(a) of the Internal Revenue Code of 1954. William F. Rylaarsdam, pro se, Azusa, Calif. James F. Cotter, for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: Respondent determined a deficiency in the income tax of the above-named petitioners for their taxable calendar year 1962, in the amount of $183.58. The sole issue for decision is whether petitioner William F. Rylaarsdam is entitled to deduct as an ordinary and necessary business expense *151 under section 162(a) of the Internal Revenue Code of 1954, expenses in the amount of $1,153.77 which he incurred during the year 1962 in attending law school. Findings of Fact Some of the facts have been stipulated. The stipulation of facts and all exhibits identified therein are incorporated herein by reference. The petitioners, William F. Rylaarsdam and Janice E. Rylaarsdam, are husband and wife residing in Alhambra, California. They filed a joint Federal income tax return for the calendar year 1962 with the district director of internal revenue at Los Angeles. The issue herein concerns only the husband, William F. Rylaarsdam, who will hereinafter be referred to as "petitioner." Petitioner graduated in 1957 from the University of California at Berkeley, with a Bachelor of Science degree in Business Administration. During his study there he took two courses in business law which were offered as part of that University's business administration curriculum. From June 1957 (immediately after his graduation from said University) until January 1961, petitioner was employed by the H. C. Burns Co. of Oakland, California, as a branch manager of one of said *152 company's branch stores located at Huntington Park, California. The business of that company, including the business of said branch store, was the selling of veterinary supplies to veterinarians. The principal duties of petitioner in operating the branch store were: Supervision of two salesmen, a warehouseman and a part-time secretary who also were employed there; the handling of certain purchase orders and inventory controls; and having some contact with customers. His salary at the beginning of such employment was $300 per month, and thereafter it was increased to $500 per month. In September 1959, while so employed with the H. C. Burns Co., petitioner enrolled in the evening division of Loyola University Law School, at Los Angeles; and he thereafter continued to study law at this law school, without interruption until his graduation therefrom in June 1964. His attendance at law school was not a condition to his either obtaining or retaining his employment with the H. C. Burns Co. In general, the two business law courses which he had previously taken at the University of California in Berkeley were sufficient for the handling of his duties as a branch store manager for said company. *153 In January 1961, petitioner resigned his employment with the H. C. Burns Co., and thereupon accepted new employment with the Aerojet General Corporation in Azusa, California, as a so-called "contract coordinator," with a starting salary of $525 per month which later was increased to $700 per month. Said corporation employed about 30 to 35 such coordinators, of whom some were lawyers, 2 or 3 were law students, and all the others were non-lawyers. Petitioner's principal duties in this employment were, examination of the requirements of various contracts which Aerojet General Corporation had with the United States Government, and the Government regulations pertaining thereto; exercising control over engineering personnel of the company as far as their performance of these contracts was concerned; and acting as liaison between company personnel and Government personnel. Petitioner's prior attendance at law school was not a prerequisite to his obtaining this employment, nor was his continuation of law school studies a requirement for his retention of such employment. The courses which petitioner took at Loyola evening Law School during the year 1962 here involved were: Legal Ethics, *154 Legislation, Sales, Trusts, Procedure III, Restitution, Corporations, and Evidence. These courses were all part of Loyola University's regular curriculum leading to a law degree; and that Law School did not offer courses to persons who were not candidates for such a degree. In February 1963 (which was subsequent to the taxable year here involved), petitioner left his employment with Aerojet General Corporation, and he thereupon accepted new employment as a law clerk with the Los Angeles law firm of Welch & Cummings, at a salary of approximately $500 per month. In August 1963, petitioner took the California State Bar examination, notwithstanding that he had not then graduated from law school. He passed this bar examination and was admitted to the California Bar in January 1964; and thereafter, as before stated, he graduated from Loyola University Law School in June 1964. At all times since, he has been employed by said law firm of Welch & Cummings, in the capacity of a lawyer. The amount of expense which petitioner incurred during the year 1962 in pursuing his studies as a law student at Loyola University Law School was $1,153.77. In the joint income tax return which he and his *155 wife filed for that year, he deducted said amount as a business expense under section 162(a) of the Internal Revenue Code of 1954. The respondent however, in his notice of deficiency herein, disallowed said deduction on the ground that petitioner had not established his right thereto. Opinion The Internal Revenue Code of 1954 provides in pertinent part, as follows: SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter [relating to income taxes], no deduction shall be allowed for personal, living, or family expenses. The Income Tax Regulations, in section 1.162-5 thereof, provide in pertinent part: § 1.162-5. Expenses for education. - (a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the *156 taxpayer in his employment or other trade or business, or (2) Meeting the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment. Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purpose described in subparagraph (1) of this paragraph. * * * (b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. The fact that the education undertaken meets express requirements for the new position or substantial advancement in position will be an important factor indicating that the education *157 is undertaken primarily for the purpose of obtaining such position or advancement, unless such education is required as a condition to the retention by the taxpayer of his present employment. In any event, if education is required of the taxpayer in order to meet the minimum requirements for qualification or establishment in his intended trade or business or specialty therein, the expense of such education is personal in nature and therefore is not deductible. In applying here the above-quoted statutes and regulations, it should be observed at the outset that the expenditures made by the present petitioner for educational purposes will not qualify for deduction, unless the evidence in this case is sufficient to establish that they were "ordinary and necessary business expenses incurred during the taxable year in carrying on any trade or business." The reason for this was made clear by Mr. Justice Cardozo in the opinion of the Supreme Court in Welch v. Helvering, 290 U.S. 111, wherein it is said: Reputation and learning are akin to capital assets, like the good will of an old partnership. * * * For many, they are the only tools with which to hew a pathway to success. *158 The money spent in acquiring them is well and wisely spent. It is not an ordinary expense of the operation of a business. The position of the petitioner, on brief, is: "[That] at the time these particular expenses were incurred, he was attending law school with the primary purpose of maintaining and improving his skills as a business administrator." This indicates that he here seeks to qualify said expenses for deduction under the provisions of subparagraph (1) of section 1.162-5 of the above-quoted Income Tax Regulations. As indicated in these Regulations, whether or not the particular law school studies which he pursued during the taxable year 1962 here involved, were "education of the type referred to in subparagraph (1)," and thus were "required" in maintaining and improving the skills of his employment or other trade or business - is a question of fact to be determined upon the basis of all the facts of the particular case at hand. After considering and weighing all the evidence herein, including all statements made by petitioner during his testimony, we are convinced and we here find as an ultimate fact and hold, that said law school studies were neither required nor necessary *159 for maintaining or improving petitioner's skills in his employment during the taxable year, nor were they so required in respect of any other trade or business in which he was then engaged. Rather, the evidence herein preponderates in favor of an opposite conclusion. Petitioner frankly conceded during cross-examination, that the business law courses which he previously had taken at the University of California were sufficient for the handling of his employment as branch manager of the veterinary store of H. C. Burns Co., where he was employed at the time when he first enrolled in the Law School of Loyola University. There is no evidence that these same business law courses were not likewise sufficient for handling his subsequent employment during the taxable year 1962 at Aerojet General Corporation - especially after these business law courses were supplemented by law school study at Loyola Law School in the preceding years 1959, 1960 and 1961. There also is no evidence which tends to meet another test suggested in the above-quoted Regulations, i.e.: That it was customary for other established members of the petitioner's trade or business to pursue advanced law school studies of *160 the type in which he enrolled during the taxable year here involved. The courses which petitioner took at Loyola University Law School in 1962 were, for the most part, courses of advanced character including: Legal Ethics, Legislation, Sales, Trusts, Procedure III, Restitution, Corporations, and Evidence. They were part of that Law School's regular curriculum leading to a law degree; and they were not offered to persons who were not candidates for a law degree. Moreover, what actually happened immediately after the taxable year, and as a consequence of interviews which petitioner had before the end of said year, was this: In February 1963, petitioner left his employment with Aerojet General Corporation, and accepted new employment as a law clerk with a Los Angeles law firm, at a salary reduction of $200 per month; became a candidate for admission to the Bar of California to which, after taking and passing the bar examination, he was admitted in January 1964; then completed his law studies and graduated from Loyola Law School in June 1964; and thereafter practiced, and still continues to practice, as an attorney at law. We decide the present issue in favor of the respondent; and *161 we here decide that the expenses which petitioner incurred during the taxable year in attending law school are not deductible as ordinary and necessary expenses paid or incurred in carrying on any trade or business within the meaning of section 162(a) of the Internal Revenue Code of 1954. Decision will be entered for the respondent.